UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | C/A: 6:18-0355-AMQ-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | **For Partial Dismissal** |
| Joseph Kernell, | ) | |
| John Vandermosten, | ) | |
| Scotty Bodiford, | ) | |
| Major Stowers, | ) | |
| Ennis Fant, | ) | |
| Willis Meadows, | ) | |
| Lynn Ballard, | ) | |
| Joe Dill, | ) | |
| Butch Kirveny, | ) | |
| Sid Cates, | ) | |
| Rick Robert, | ) | |
| Fred Payne, | ) | |
| Xanthene Norris, | ) | |
| Liz Seman, | ) | |
| Bob Taylor, | ) | |
| Jimmy Thompson, | ) | |
| Sargent Bowman, | ) | |
| Officer Jennings, | ) | |
| Officer Shoklly, | ) | |
| Officer Collier, | ) | |
| Greenville County Council, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, a pretrial detainee in the Greenville County Detention Center, proceeding *pro se* and *in forma pauperis*, brings a civil action pursuant to 42 U.S.C. § 1983 seeking monetary damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the district court. The undersigned recommends that Joseph Kernell,

John Vandermosten, Scotty Bodiford, Ennis Fant, Willis Meadows, Lynn Ballard, Joe Dill, Butch Kirveny, Sid Cates, Rick Robert, Fred Payne, Xanthene Norris, Liz Seman, Bob Taylor, Jimmy Thompson, and the Greenville County Council be dismissed from the case.

## BACKGROUND

The plaintiff returns to this court alleging various violations of his constitutional rights concerning his treatment in the Greenville County Detention Center (GCDC)[1].  He contends that Jimmy Thompson, the GCDC mail room supervisor destroyed his legal mail because the clerk of court never received it (comp. at 7).  He also alleges that Sergeant Bowman refused to give him legal copies, and that Officers Jennings and Shoklly refused to deviate from Sgt. Bowman's orders (*id.* at 7, 9).  He further claims that Officer Collier deprived him of his mental health medication (*id.* at 8).  He claims that supervisors Scotty Bodiford and Major Stowers are deliberately indifferent to this conduct, and that they failed to answer his old grievances and won't let him file a new one in retaliation for filing a lawsuit (*id.* at 6, 13).  Lastly, he alleges that Greenville County Administrator Joseph Kernell, Interim Assistant County Administrator John Vandermosten, Greenville County Council, and the remaining individual defendants (who are identified as council members) are likewise deliberately indifferent to these violations, and should be held accountable due to their governmental authority over the GCDC (*id.*).

---

[1]  The plaintiff has filed 16 separate cases here since his incarceration at the GCDC (*see* C.A. Nos. 16-4002, 17-355, 17-765, 17-766, 17-767, 17-972, 17-1208, 17-1229, 17-2136, 17-2190, 17-2387, 17-2388, 17-2832, 17-2846, 17-3046, 17-3416, 18-355).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

3

## DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff names Greenville County Council as a defendant, however that governmental body cannot be sued under § 1983 because it is not a person.  This court has previously ruled that Greenville County Council is not a proper defendant for purposes of § 1983. *See Workman v. Vandermosten*, No. 6:17-cv-00766-RBH-KFM, 2017 WL 4776717, at *2 (D.S.C. Oct. 23, 2017), appeal dismissed, No. 17- 7584, 2018 WL 1603116 (4th Cir. Apr. 3, 2018). *See, e.g., Crouchman v. Pickens Cty. Council*, No. 9:16-cv-00804-CMC, 2017 WL 767185, at *9 (D.S.C. Feb. 3, 2017), adopted by, 2017 WL 749393 (D.S.C. Feb. 27, 2017) (finding the Pickens County Council was not a proper § 1983 defendant and explaining a "group of people or use of such collective terms to name a § 1983 defendant has been found improper and inadequate" (internal quotation marks omitted)); *Hodges v. Mayor & City Council of Annapolis*, 2016 WL 4140954, at *3 (D. Md. Aug. 3, 2016) (recognizing "a county council is not *sui juris*"). *See also Dunbar v. Metts*, No.

2:10-cv-01775-HMH-BHH, 2011 WL 1480279, at *5 (D.S.C. Mar. 31, 2011), adopted by, 2011 WL 1480096 (D.S.C. Apr. 19, 2011) ("Lexington City Council is not a 'person' and is not responsible for the alleged violations of Plaintiff's rights.").

Additionally, Plaintiff appears to allege municipal liability against the Greenville County Council and its members Fant, Meadows, Ballard, Dill, Kirveny, Cates, Robert, Payne, Norris, Seman, and Taylor, along with county administrators Kernell and Vandermosten.  In the case of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court stated that "municipalities and other local government units" (such as cities and counties) can be liable under § 1983 if an official policy or custom causes a deprivation of constitutional rights. See 436 U.S. at 690–91. However, to the extent Plaintiff has attempted to sue the County Council and these county officials for incidents at the GCDC, such a claim is foreclosed by the fact "that, under South Carolina law, it is the Sheriff of the County who is responsible for the operation of county detention centers, not the County." *Crouchman*, 2017 WL 767185, at *9 (citing S.C. Code Ann. § 24–5–10).  As such, the sheriff of Greenville County—not Greenville County, its individual county council members, nor administrators—is responsible for operating the Greenville County Detention Center where Plaintiff is detained.[2]  Plaintiff has made no allegations calling into question the existence and applicability of this state law to his claims. *See Cobb v. South Carolina*, No. 2:13-CV-02370-RMG, 2014 WL 4220423, at *2,

---

[2]  Even if the Greenville County Sheriff had been appropriately named as a defendant, that office would be protected by Eleventh Amendment sovereign immunity from being sued in federal court. *See generally Cromer v.Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

7 (D.S.C. Aug. 25, 2014) (summarizing Fourth Circuit and South Carolina law holding that because the county has no control over the operations or policy of the jail, it cannot be held liable for events that take place there). Accordingly, Greenville County Council, Council members Fant, Meadows, Ballard, Dill, Kirveny, Cates, Robert, Payne, Norris, Seman, and Taylor, along with county administrators Kernell and Vandermosten, should be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendants Joseph Kernell, John Vandermosten, Ennis Fant, Willis Meadows, Lynn Ballard, Joe Dill, Butch Kirveny, Sid Cates, Rick Robert, Fred Payne, Xanthene Norris, Liz Seman, Bob Taylor, and the Greenville County Council be dismissed from this action without prejudice and without issuance and service of process. This action remains pending against the remaining defendants at this time. **The plaintiff's attention is directed to the important notice on the next page.**

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

April 26, 2018
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).