UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:18-cv-00355-RBH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph Kernell, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of Plaintiff's objections to the Report and

Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos.

14, 25 & 26. The Magistrate Judge recommends summarily dismissing several defendants from this

action without prejudice.[2] R & R at p. 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1]     The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02 (D.S.C.), and he reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)
and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v.
Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.
1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon*
directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions
never squarely presented to them.").

[2]     The Magistrate Judge authorized service of process on other defendants, who have answered and moved
for summary judgment. *See* ECF Nos. 20 & 30.

matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[3]

Plaintiff, proceeding pro se,[4] brings this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging various constitutional violations occurred during his confinement at the Greenville County Detention Center (the county jail).  *See* ECF No. 1 (complaint).  The Magistrate Judge recommends summarily dismissing (1) the Greenville County Council because it is not a "person" within the meaning of § 1983, and (2) the various named individual members of the Greenville County Council because they are not responsible for operating the county jail.  *See* R & R at pp. 4–6.

---

[3]     The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[4]     Plaintiff was a state pretrial detainee when he filed this action but is now incarcerated in the South Carolina Department of Corrections.  *See* SCDC Incarcerated Inmate Search, *available at* http://public.doc.state.sc.us/scdc-public/ (last visited Oct. 1, 2018) (searched by SCDC ID 00273352); *see generally Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'").

Although Plaintiff has filed objections to the R & R,[5] *see* ECF Nos. 25 & 26, his only specific objection appears to be to the Magistrate Judge's recommendation regarding the Greenville County Council. *See* ECF No. 26 at p. 1. The Court agrees with the Magistrate Judge that the Greenville County Council is not a proper defendant for purposes of this § 1983 action, as explained in the R & R and ad nauseam in the Court's prior orders in Plaintiff's various cases. *See, e.g.*, *Workman v. Metro PCS*, No. 6:17-cv-01208-RBH-KFM, 2018 WL 3434305, at *1 n.5 (D.S.C. July 17, 2018); *Workman v. Greenville Cty. Council*, No. 6:17-cv-02846-RBH, 2018 WL 1912769, at *2 (D.S.C. Apr. 23, 2018); *Workman v. Vandermosten*, No. 6:17-cv-02832-RBH, 2018 WL 1870525, at *2 (D.S.C. Apr. 19, 2018); *Workman v. Vandermosten*, No. 6:17-cv-00766-RBH, 2017 WL 4776717, at *2 (D.S.C. Oct. 23, 2017), *appeal dismissed*, 717 F. App'x 338 (4th Cir. 2018).

Moreover, the Court agrees with the Magistrate Judge that the individual members of the Greenville County Council are not responsible for the operation of the county jail. *See Workman v. Greenville Cty. Council*, 2018 WL 1912769, at *3 ("[T]he sheriff of Greenville County—not Greenville County or its individual county council members—is responsible for operating the Greenville County Detention Center where Plaintiff is detained."). Accordingly, the Court will overrule Plaintiff's objections and adopt the R & R.

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for an extension of time to file objections to the R & R [ECF No. 18], **OVERRULES** his objections, and **ADOPTS** the R & R

---

[5]     Plaintiff previously filed a motion for an extension of time to file objections, *see* ECF No. 18, but this motion was never ruled on by the prior assigned district judge. Because this case was just recently reassigned to the undersigned district judge, the Court will grant Plaintiff's motion and consider his objections as timely filed.

[ECF No. 14] *as modified by Footnote 6 below*.[6]  Accordingly, the Court **DISMISSES** Defendants

Joseph Kernell, John Vandermosten, Ennis Fant, Willis Meadows, Lynn Ballard, Joe Dill, Butch

Kirveny, Sid Cates, Rick Robert, Fred Payne, Xanthene Norris, Liz Seman, Bob Taylor, and the

Greenville County Council *without prejudice and without issuance and service of process*.[7]  This action

remains pending against the other named defendants.

   **IT IS SO ORDERED.**


Florence, South Carolina                                        s/ R. Bryan Harwell
October 2, 2018                                                 R. Bryan Harwell
                                                               United States District Judge

---

[6]     The first paragraph on page two of the R & R appears to contain a typographical error, in that it recommends dismissing Defendants Scotty Bodiford and Jimmy Thompson. *See* R & R at p. 2.  However, the concluding "Recommendation" section in the R & R does not recommend dismissing these two defendants, *see id.* at p. 6, and the Magistrate Judge authorized service on them. *See* ECF No.. 13.  Defendants Bodiford and Thompson have also answered and moved for summary judgment. *See* ECF Nos. 20 & 30.

[7]     In the Court's view, it would be futile for Plaintiff to amend his complaint against the defendants being dismissed. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).  The Court therefore declines to automatically give Plaintiff leave to amend.