UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:18-cv-00355-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Scotty Bodiford, Major Stowers, ) | |
| Jimmy Thompson, Sargent Bowman, ) | |
| Officer Jennings, Officer Shoklly, and ) | |
| Officer Collier, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Olandio Ray Workman, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 when he was a pretrial detainee confined at the Greenville County Detention Center. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin McDonald, who recommends granting Defendants' motion for summary judgment.[1] *See* ECF Nos. 45 & 55.

**Legal Standards**

**I.  Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.  Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**Discussion**

Plaintiff brings this § 1983 action against Defendants—officials at the Greenville County Detention Center ("GCDC")—alleging they violated his constitutional rights in various respects.[2] Specifically, Plaintiff appears to allege violations of his First and Fifth Amendment rights (pertaining to his legal mail, copies, and retaliatory conduct by GCDC officials) and his Fourteenth Amendment rights (concerning administration of his mental health medication). *See* ECF No. 1 (unverified

---

[2] The Court previously dismissed other defendants from this action. *See* ECF No. 42.

3

complaint). Defendants have filed a motion for summary judgment. *See* ECF No. 30. The Magistrate Judge recommends granting Defendants' motion because (1) Plaintiff provides nothing but his unsworn allegations to refute Defendants' evidence, (2) Plaintiff fails to establish a supervisory liability claim, and (3) Defendants are entitled to qualified immunity because Plaintiff fails to show they violated his constitutional rights. R & R at pp. 2–9.

Although Plaintiff has filed objections to the R & R,[3] *see* ECF No. 55, the Court concludes summary judgment is appropriate because there are no genuine issues of material fact. As the Magistrate Judge recognizes, Plaintiff relies solely upon the unsworn allegations in his complaint and has presented no evidence refuting that submitted by Defendants.[4] *See Anderson*, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and ellipsis omitted)).[5] Moreover, Defendants are entitled to qualified immunity because Plaintiff has not presented any evidence establishing a constitutional

---

[3]     Defendants have filed a response to Plaintiff's objections. *See* ECF No. 58.

[4]     Defendants have submitted the affidavit of Scotty Bodiford (the administrator of the GCDC) and Plaintiff's records from the GCDC. *See* ECF No. 30-2.

[5]     Plaintiff's complaint is not verified and therefore cannot be considered an opposing affidavit for summary judgment purposes. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). Additionally, neither Plaintiff's response in opposition to Defendant's motion for summary judgment nor his objections to the R & R is verified. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (holding "unsworn argument does not constitute evidence" for purposes of summary judgment); *see, e.g.*, *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001) ("We thus affirm the district court's grant of summary judgment because the [plaintiffs'] opposition to the [] defendants' motion rests on what we must regard as mere pleading allegations.").
        Significantly, after Defendants moved for summary judgment, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the summary judgment procedure to Plaintiff. *See* ECF No. 31. However, as the Magistrate Judge notes, Plaintiff has not submitted evidence rebutting Defendants' motion for summary judgment.

violation.[6] *See Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) ("To overcome the qualified immunity defense at the summary judgment stage, the plaintiff must have shown facts that make out a violation of a constitutional right . . . ."); *Baber*, 977 F.2d at 874–75 ("Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial."). Accordingly, the Court will grant Defendants' motion for summary judgment.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R & R [ECF No. 45], **GRANTS** Defendants' motion for summary judgment [ECF No. 30], and **DISMISSES** this action *with prejudice*.

**IT IS SO ORDERED.**

Florence, South Carolina
December 28, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[6] The Magistrate Judge thoroughly analyzed each of Plaintiff's claims, and the Court adopts that analysis without repeating it here. *See* R & R at pp. 4–8.